IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN FREEMAN<br>30220 Lisbon Street<br>Hanoverton, Ohio 44423 | )<br>)<br>)<br>) | CASE NO: |
| Plaintiff, | )<br>) | JUDGE |
| vs. | )<br>) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| CARE4ME SKILLED, LLC<br>c/o DLM Statutory Agent Corp.<br>50 East Washington Street<br>Chagrin Falls, Ohio 44022 | )<br>)<br>)<br>)<br>) | (Jury Demand Endorsed) |
| -and- | )<br>) | |
| JENNIFER BURTON<br>c/o Care4Me<br>2400 Southeast Blvd, Suite B<br>Salem, Ohio 44460 | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Shawn Freeman, by and through undersigned counsel, as her Complaint against Defendants states and avers the following:

**PARTIES & VENUE**

1. Plaintiff Shawn Freeman is a resident of the city of Hanoverton, county of Columbiana, state of Ohio.

2. Care4Me Skilled, LLC ("Care4Me") is a domestic limited liability company with its principal place of business located in the state of Ohio.

3. Care4Me owns and/or operates a medical facility in the county of Columbiana at 2400 Southeast Blvd., Suite B, Salem, Ohio 44460.

4. At all times referenced herein, Care4Me was Freeman's employer within the meaning of R.C. § 4112.01(A)(2).

The Employee's Attorney.™



5. During all times material to this Complaint, Care4Me Skilled LLC was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

6. Defendant Jennifer Burton is a resident of the State of Ohio.

7. At all times referenced herein, Burton was an employee of Care4Me.

8. At all times referenced herein, Burton was acting in the course and scope of her employment at Care4Me.

9. During the time when Freeman was employed at Care4Me, Burton was employed in a supervisory capacity over Freeman.

10. During the time when Freeman was employed at Care4Me, Burton supervised and/or controlled Freeman's employment.

11. At all times relevant herein, Burton acted directly or indirectly in the interest of Care4Me in relation to its employees.

12. During the time when Freeman was employed at Care4Me, Burton was Freeman's employer within the meaning of R.C. § 4112.01(A)(2).

13. During all times material to this Complaint, Plaintiff was an "employee" of Care4Me within the meaning 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

14. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over Care4Me because Care4Me is a domestic limited liability company that conducts business in this District, and at all times material to the

The Employee's Attorney.™ 

allegations contained herein, Care4Me conducted business in this District and had sufficient minimum contacts within this District.

16. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

17. This Court has supplemental jurisdiction over Freeman's state law claims pursuant to 28 U.S.C. § 1367 as Freeman's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

18. All conduct at issue herein occurred in the county of Columbiana, state of Ohio.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

20. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendant operates and conducts business.

## FACTS

21. Freeman is a former employee of Care4Me.

22. Care4Me hired Freeman as a scheduler in or around May 2015.

23. Freeman's employment with Care4Me was terminated on or about April 10, 2017.

24. As a scheduler at Care4Me, Freeman was a non-exempt employee and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

25. Freeman was an hourly employee.

26. Freeman regularly worked over forty hours per week at Care4Me.

27. Freeman regularly worked between 50 and 60 hours per week for Care4Me.

28. Burton knew or should have known that Freeman's daily duties could not be completed in the time assigned for her to work.



The Employee's Attorney.™

29. Burton knew or should have known that Freeman had to work from home after the end of her regular scheduled shift to complete her daily duties.

30. Burton knew or should have known that Freeman had remote access to Care4Me's scheduling software and spent an additional 10 to 20 hours per week working from home after completing her regularly scheduled 40-hour work week.

31. Defendants' scheduling software logged all the time that Freeman worked.

32. Defendants knew or should have known that Freeman was logged into their scheduling software between 50 to 60 hours per week.

33. During Freeman's employment at Care4Me, Burton required Freeman to prepare for work-related activities while Freeman was off the clock.

34. Defendants knew or should have known that Freeman was forced to prepare for work-related activities without being compensated.

35. Defendants failed to compensate Freeman for any hour she spent working over her regularly scheduled 40 hours per week.

36. As a result of Defendant's unlawful refusal to pay Freeman earned overtime, Freeman has suffered, and will continue to suffer, pecuniary harm.

37. Freeman suffers from disabilities.

38. In or around May 2015, Freeman disclosed to Defendants that she suffered from Crohn's disease.

39. In or around May 2015, Freeman disclosed to Defendants that she suffered from Attention Deficit Hyperactivity Disorder ("ADHD").

40. Freeman's medical conditions substantially impair one or more of her major life activities including working.



41. In or around May 2015, Freeman requested a reasonable accommodation that would permit her to use the restroom more frequently as a result of her Crohn's disease. ("Freeman May 2015 Crohn's Disease Request for Accommodation").

42. Defendants denied Freeman's Crohn's Disease Request for Accommodation.

43. In or around May 2015, Freeman requested a reasonable accommodation in the form of addition training and additional time to learn her scheduling positions as a result of her ADHD ("Freeman May 2015 ADHD Request for Accommodation").

44. Defendants denied Freeman's May 2015 ADHD Request for Accommodation.

45. Defendants failed to engage in a dialog with Freeman concerning reasonable accommodations for her medical conditions.

46. After Burton learned that Freeman suffered from ADHD she began to refer to Freeman as "slow."

47. After Burton learned that Freeman suffered from ADHD she began to threaten Freeman by telling her that she would punch Freeman in the face if Freeman asked her another question.

48. After Burton learned that Freeman suffered from ADHD she began to threaten Freeman by telling her that she would kill Freeman if Freeman asked her another question.

49. In or around the summer of 2016, the owner of Care4Me invited employees to join him for dinner ("Summer 2016 Work Dinner").

50. During the Summer 2016 Work Dinner Freeman was the only employee who was not permitted to eat or drink.

51. During the Summer 2016 Work Dinner Freeman was the only employee who was not permitted to speak.

52. Freeman was told that she couldn't speak during the Summer 2016 Work Dinner because the owner was afraid that Freeman would, "say something dumb."

The Employee's Attorney.™ 

53. Freeman was instructed not to speak at the Summer 2016 Work Dinner because Freeman suffers from ADHD.

54. In or around April 2017, Burton told Freeman that people who suffer from Crohn's disease "smell bad."

55. In or around April 2017, Burton emailed the entire staff stating that there was a "bad smell" in the front office and reminded employees to shower every day ("April 2017 Odor Email").

56. Burton sent the April 2017 Odor Email because she believed that Freeman smelled bad.

57. Burton sent the April 2017 Odor Email in an effort to harass Freeman because of Freeman's disability.

58. Burton treated Freeman less favorably than other Care4Me employees because Freeman suffers from disabilities.

59. Burton harassed and belittled Freeman because Freeman suffers from disabilities.

60. During Freeman's employment Burton did not harass non-disabled employees.

61. Burton harassed Freeman about Freeman's disabilities in an attempt to force Freeman to quit her job at Care4Me.

62. Defendants constructively discharged Freeman because she suffered from disabilities.

63. Defendants constructively discharged Freeman because Freeman was perceived as being disabled.

64. Defendants replaced Freeman with a non-disabled employee.

65. As a direct and proximate cause of Defendants' conduct, Freeman suffered and will continue to suffer damages.

66. As a direct and proximate cause of Richards' conduct, Freeman suffered and will continue to suffer damages.

67. As a direct and proximate cause of Defendants' conduct, Freeman suffered and will continue to suffer physical illness and emotional distress.

The Employee's Attorney.™ 

# COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

68. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. At all times material to this complaint, Care4Me constituted a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

70. During all times material to this complaint, Plaintiff was not exempt from receiving overtime wages under the FLSA because, inter alia, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

71. During all times material to this Complaint, Care4Me violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half her regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

72. During all times material to this complaint, Care4Me knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA. Care4Me also knew that they were required to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her regular rate for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Care4Me willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

73. In violating the FLSA, Care4Me acted intentionally and willfully.

74. In violating the FLSA, Care4Me acted without a good faith basis in refusing to compensate Freeman for hours she spent logged onto scheduling software at her home.

75. In violating the FLSA, Care4Me acted in reckless disregard of clearly applicable FLSA provisions.

76. Care4Me acted in bad faith.

The Employee's Attorney.™ 

77. As a direct and proximate cause of Care4Me's conduct, pursuant to 29 U.S.C. § 216(b), Care4Me is liable to Plaintiff for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II : VIOLATION OF THE OHIO WAGE ACT

78. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

80. During all times material to this Complaint, Care4Me is a covered employer required to comply with the Ohio Wage Act's mandates.

81. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of Ohio Wage Act.

82. Care4Me violated the Ohio Wage Act with respect to Plaintiff by, *inter alia*, failing to pay the Plaintiff overtime.

83. In violating the Ohio Wage Act, Care4Me acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III: DISABILITY DISCRIMINATION

84. Freeman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Freeman is disabled.

86. The Defendants perceived Freeman as being disabled.

87. Freeman's medical conditions substantially impaired one or more of her major life activities including working.

88. The Defendants perceived Freeman's condition to substantially impair one or more of her major life activities including working.

The Employee's Attorney.™ 

89. The Defendants treated Freeman differently than other similarly-situated employees based on her disabling condition.

90. The Defendants treated Freeman differently than other similarly-situated employees based on her perceived disabling condition.

91. The Defendants violated R.C. §4112.01 *et seq*. by discriminating against Freeman based on her disabling condition.

92. The Defendants violated R.C. §4112.01 *et seq*. by discriminating against Freeman based on her perceived disabling condition.

93. The Defendants violated R.C. §4112.01 *et seq*. by harassing Freeman because of her disabilities.

94. The Defendants violated R.C. §4112.01 *et seq*. by making harmful and offensive comments related to Freeman's disabilities.

95. The Defendants violated R.C. §4112.01 *et seq*. by calling Freeman names because of Freeman's disabilities.

96. The Defendants violated R.C. §4112.01 *et seq*. by treating her less favorably than non-disabled employees at Care4Me.

97. As a direct and proximate cause of the Defendants' conduct, Freeman suffered and will continue to suffer damages.

98. On or about April 10, 2017, the Defendants terminated Freeman's employment without just cause.

99. The Defendants terminated Freeman's employment based on her disability.

100. The Defendants terminated Freeman's employment based on her perceived disability.

101. The Defendants violated R.C. §4112.01 *et seq*. when they discharged Freeman based on her disability.

102. The Defendants violated R.C. §4112.01 *et seq*. when they discharged Freeman based on her perceived disability.

The Employee's Attorney.™



103. As a direct and proximate cause of Defendants' conduct, Freeman suffered and will continue to suffer damages.

### **COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF THE OHIO REV. CODE § 4112**

104. Freeman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

105. Throughout her employment, Freeman was fully competent to perform the duties of her position at Care4Me.

106. Freeman is and, at all times material herein, was disabled.

107. Freeman requested reasonable accommodation from Care4Me.

108. Care4Me refused to engage in an interactive dialogue with Freeman concerning Freeman's requested accommodation.

109. Care4Me refused to grant Freeman reasonable accommodations.

110. Care4Me's refusal to engage in interactive dialogue was in violation of R.C. §4112.01 *et seq.*.

111. Care4Me's refusal to accommodate Freeman's disability was in violation of R.C. §4112.01 *et seq*.

112. As a direct and proximate result of the unlawful conduct of Care4Me, Freeman has suffered and will continue to suffer damages

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shawn Freeman, respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

   (i) Prohibiting Defendants from engaging in future violations of the FLSA and the Ohio Wage Act; and

   (ii) Requiring the Defendants to abolish discrimination, harassment, and retaliation.

The Employee's Attorney.™



(iii) Requiring allocation of significant funding and trained staff to implement all changes within two years.

(iv) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees.

(v) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints.

(vi) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions.

(b) Issue an order requiring Care4Me to retroactively restore Freeman to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation.

(c) For an award against Defendants of unpaid wages to Plaintiffs, to be determined at trial together with any liquidated damages allowed by FLSA;

(d) For an award against each defendant for compensatory and monetary damages to compensate Freeman for back wages, front pay, emotional distress, personal injury, property damage and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(e) For an award of punitive damages against each defendant in an amount in excess of $25,000;

(f) For an award of reasonable attorney's fees and non-taxable costs for Freeman's claims as allowable under law;

(g) For an order requiring Care4Me to cease and desist from any employment practice which discriminates or harasses against Freeman or others on the basis of race, color, religion, sex,



The Employee's Attorney.™

military status, national origin, disability, age, or ancestry, or in retaliation against the person because he or she complained about such discrimination;

(h) For an award of the taxable costs of her action; and

(i) For an award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

 */s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd, Suite-200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com

*Attorney For Plaintiff Shawn Freeman*



## JURY DEMAND

Plaintiff Shawn Freeman demands a trial by jury by the maximum number of jurors permitted.

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**

